UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE

CIVIL ACTION NO. 05-195-DLB

SHEILA MARTIN                                                                           PLAINTIFF

vs.                           **MEMORANDUM OPINION & ORDER**

JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION                                       DEFENDANT

*******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Sheila D. Martin filed an application for Disability Insurance Benefits on July 11, 2003. (Tr. 53-57) Plaintiff alleges she became unable to work on May 15, 2003, due to irritable bowel syndrome and colitis, cervical pain and left arm numbness, problems with her nerves, depression, severe allergies, thyroid problems, arthritis in her shoulder, and right knee pain. (Tr. 57)  The claim was denied initially and on reconsideration. (Tr. 33-36, 38-40)  Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on April 22, 2004, in Prestonsburg, Kentucky. (Tr. 269-99) By written decision of May 28, 2004, ALJ Kemper concluded that Plaintiff was not disabled for Social Security purposes and therefore was not entitled to a period of disability or Disability Insurance

Benefits. (Tr. 22) The ALJ's decision was approved by the Appeals Council on May 27, 2005. (Tr. 4-6)

On June 20, 2005, Plaintiff filed the instant action. The matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review.

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d

469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 17)  At Step 2, the ALJ found Plaintiff's bowel impairment to be severe, though also finding her musculoskeletal and mental impairments to be nonsevere. (Tr. 18)  At Step 3, the ALJ determined that Plaintiff's bowel impairment was not severe enough to meet or medically equal one of the digestive system impairments listed in Appendix 1, Subpart P, Regulation No. 4. (*Id.*)

At Step 4, the ALJ found that Plaintiff retains the residual functioning capacity (RFC) to perform medium level work, but that she also needs to have ready access to bathroom facilities. (Tr. 19) He concluded that, based upon this RFC, she was able to perform her past relevant work as a department store head and gas station district manager, as these supervisory positions provided her with the needed flexibility for frequent bathroom breaks. (Tr. 20, 296)  However, the ALJ alternatively proceeded to Step 5 of the sequential analysis, finding that even if Plaintiff were unable to perform her past relevant work given her RFC, she is capable of performing a significant range of other jobs in the national economy despite her exertional and nonexertional limitations.  Such jobs included laundry worker or kitchen helper at the medium level, inspector or gate guard at the light level, and surveillance monitor or dispatcher at the sedentary level. (Tr. 20-21)  This conclusion resulted from testimony by a vocational expert (VE), in response to a hypothetical question taking into account the Plaintiff's age, education, past relevant work experience, RFC, and work restrictions. (Tr. 296-97)  For all of the foregoing reasons, the

ALJ concluded that Plaintiff is not under a "disability" as defined in the Social Security Act. (Tr. 21)

**C.     Analysis**

Plaintiff's sole contention of error in this appeal is that the ALJ, in determining disability, failed to expressly consider reports about Plaintiff's function that were offered by third-party lay witnesses, which Plaintiff submits the ALJ is required to do under 20 C.F.R § 404.1513(d)(4).  Specifically, Plaintiff claims this lay witness testimony contains important information about her problems and limitations, thereby calling into question whether the ALJ's decision is supported by substantial evidence.[1]

Plaintiff candidly admits that this very argument was considered and rejected by the Western District of Tennessee in *Dunlap v. Barnhart*, 2004 WL 784837 (W.D. Tenn.)(unpublished decision).  She contends, however, that the court in that case did not specifically address the effect of the 2000 amendments to the regulation.[2]  In response, the Commissioner argues that while an ALJ may use evidence from nonmedical sources, such

---

[1]For example, one of the exhibits is a third-party function report completed by Plaintiff's friend of ten years, with whom she visits three times per week.  The friend offers that Plaintiff must always be near a bathroom, though even then she cannot control bowel movements.

[2]In support, she cites to the following language in the Federal Register:

We are redesignating prior paragraph (e) of those sections [404.1513 and 416.913], "Information from other sources," as paragraph (d). Our intent in switching the positions of these two paragraphs is to make it clearer that, when we decide whether the evidence in a case is complete enough for a determination, we consider all the evidence in the case record, including the medical evidence from acceptable medical sources identified in paragraph (a), information from the individual, and any evidence that may have been provided by other sources, such as those identified in final paragraph (d).

65 FR 34950, 34952.

as relatives, friends, etc., the regulation does not impose a duty upon an ALJ to expressly consider and weigh this type of evidence absent supporting medical documentation.

In *Dunlap*, the plaintiff argued that the ALJ failed to take into consideration the lay witness statements of two nonmedical sources, pursuant to 20 C.F.R. § 404.1513(e)(2).[3] She argued that the ALJ's written decision did not specifically indicate whether he considered the testimony and statements of her daughter-in-law and her friend. The court's analysis of this argument begins by reference to *Lashley v. Secretary of Health & Human Services,* wherein the Sixth Circuit held that "[p]erceptible weight must be given to lay testimony where ... it is fully supported by the reports of the treating physicians." *Dunlap*, 2004 WL 784837 at *10 (referencing *Lashley,* 708 F.2d 1048, 1054 (6th Cir. 1983)). The *Dunlap* court noted, however, that while the testimony and statements of lay witnesses must be considered, an ALJ does not have to discuss every piece of evidence presented as long as the record is developed fully and fairly. *Id.* (citing *Higgs v. Bowen,* 880 F.2d 860, 864 (6th Cir. 1988)). With this framework in mind, the *Dunlap* court concluded that, even though the ALJ did not specifically address the written statements of the claimant's daughter-in-law and friend, he did specifically indicate he had carefully considered "all the evidence, including documents identified in the record as exhibits, testimony at the hearing, and any arguments presented." *Id.* The court found this was sufficient to comply with the governing regulatory and common law standards, and so the ALJ did not err in this regard. *Id.* In the instant case, as in *Dunlap,* the ALJ's decision states, "upon reviewing *all* of the

---

[3]The 2000 amendments switched paragraphs (d) and (e) of 20 C.F.R. §§ 404.1513, 416.913. Therefore, even though *Dunlap* was a Title II case and involved section 404.1513(e)(2) ("Information from non-medical sources"), that section has since been redesignated section 404.1513(d)(4). Therefore, the Court finds the reasoning in *Dunlap* instructive.

evidence of record... the claimant is not disabled within the meaning of the Social Security Act. (Tr. 16)(emphasis added).

More importantly, the Court finds that the language of 20 C.F.R. § 404.1513(d) is contrary to Plaintiff's argument that the 2000 clarification requires an ALJ to consider, and expressly discuss, lay witness testimony. The regulation provides, in pertinent part:

> In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we *may* also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work. Other sources include, but are not limited to – . . .
>
> (4) Other non-medical sources (for example, spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy).

20 C.F.R. § 404.1513(d) (emphasis added). Furthermore, the third-party nonmedical information offered in this case about the functional problems and difficulties Plaintiff experiences is based upon either limited interaction with and personal observation of Plaintiff and/or what Plaintiff has told these third parties. The ALJ assessed Plaintiff's credibility as only fair, at best, after recounting evidentiary differences in the difficulties Plaintiff claims she experiences with what is reflected in the medical source documentation. (Tr. 19) Moreover, the lay witness testimony Plaintiff relies upon is not inconsistent with the ALJ's determination that Plaintiff may perform a substantial range of jobs with the added condition that she have ready access to bathroom facilities.

### III.  CONCLUSION

For all of the foregoing reasons, the Court concludes that the ALJ complied with the legal review standards applicable to this third-party nonmedical evidence, and that his

decision is indeed supported by substantial evidence. Plaintiff's argument to the contrary is without merit. Accordingly,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #10) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 5th day of June, 2006.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-05-195-MartinMOO.wpd